

April 16, 2021

**VIA ECF**
The Honorable Kimberly A. Jolson
United States Magistrate Judge
United States District Court for the Southern District of Ohio
Joseph P. Kinneary U.S. Courthouse
Room 200
85 Marconi Boulevard
Columbus, OH 43215

    Re:    *McNeil et al v. Trinity Health Corp. et al* **(2:20-cv-00258-EAS-KAJ) – Request for a Telephonic Conference**

Dear Judge Jolson:

    This firm, along with Graff McGovern LPA, represents Plaintiffs in the above matter. We write to respectfully request a telephonic conference regarding discovery, and to update Your Honor on what has occurred following the Court's February 8, 2021 Opinion and Order (ECF Doc. No. 33) (the "2/8 Order").

    As the Court will recall, the 2/8 Order denied Plaintiffs' motion to compel without prejudice, provided certain guidelines to the parties regarding the assertion of any privilege, and instructed Defendants to produce a log of documents withheld on an assertion of privilege by February 22, 2021.

    While Defendants served a log on the required date, it was highly deficient. In an email I sent hours after receiving the log, I informed Defendants' counsel that, among other things, the log did not provide information regarding the basis of any privileges claimed and listed documents that Defendants had either agreed to produce, or had, in fact, already produced. The 117-page log provided only file names (not descriptions) of documents, and in only *some* cases identified authors and recipients. As a result, the information in the log was not only insufficient to consider the validity of the claimed privileges, but in many cases was insufficient to ascertain any meaningful information regarding the listed documents' basic nature.

    While it was clear that the log listed an abundance of material that Defendants intended to claim no privilege over (such as policies, patient records, publicly-filed litigation documents from other cases, and previously-produced items), it was unclear whether the log provided a

Hon. Kimberly A. Jolson, U.S.M.J. - 2 - April 16, 2021

complete list of all material responsive to Plaintiffs' demands that Defendants *would* assert a privilege over. In response to my email, Defendants promptly agreed to provide a revised log.

Over the course of the following weeks, Defendants' counsel sent several emails listing multiple categories of material that would no longer be withheld as privileged, and projecting when the revised log might be completed. Since February 8, 2021, Defendants have made several supplemental productions of patient records, but have not produced documents previously withheld under the peer-review privilege, or on any other of the topics identified by counsel as forthcoming. To date, Defendants' productions contain only: (1) employee personnel files; (2) hospital policies, and (3) redacted patient medical records. Moreover, Defendants have not provided a revised privilege log that is compliant with applicable standards.[1]

We understand that Defendants are vital healthcare institutions caring for the public during a pandemic, and that some delays are unavoidable. However, this matter must progress, and it must do so in a way that does not unduly prejudice Plaintiffs. Under the current schedule, all discovery (including expert discovery) is set to conclude in less than 90 days. However, with Defendants' document production not nearly complete and with document-level disputes over privilege not yet ripe for review, Plaintiffs cannot begin to take depositions or prepare expert reports.

Therefore, we respectfully request that the Court set a telephonic status conference to discuss Defendants' revised privilege log and outstanding production, and to revise the discovery deadlines based on when that production is completed.[2]

We thank the Court for its courteous attention to this matter.

Respectfully submitted,

*/s/ Robert S. Landy*

_____

Robert S. Landy

(attachment)

---

[1] I attach copies of the email correspondence regarding the log and topics of material that will not be withheld as an exhibit hereto. However, the February 22 log itself has been marked "confidential" under the protective order entered in this case, and I have therefore not attached it to this publicly-filed letter. However, should the Court request a copy, we will promptly provide it.

[2] Plaintiffs substantially completed their document production last year, and all nine Plaintiffs have completed their depositions.

Hon. Kimberly A. Jolson, U.S.M.J. - 3 - April 16, 2021

cc: All counsel of record (by ECF)

FORD O'BRIEN | 575 Fifth Avenue, 17th Floor, New York, NY 10017 | P: 212.858.0040 fordobrien.com